UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30287 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05668-RBL-1 |
| v. | Western District of Washington, Tacoma |
| BERNARD GLENN, | |
| Defendant - Appellant. | ORDER |

Before: NOONAN and M. SMITH, Circuit Judges, and FOGEL, District Judge.[*]

The memorandum disposition filed on August 4, 2011 is hereby withdrawn.

The petition for rehearing is DENIED. See Fed. R. App. P. 40.

_____

[*] The Honorable Jeremy D. Fogel, District Judge for the U.S. District Court for Northern California, San Jose, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARD GLENN,

Defendant - Appellant.

No. 10-30287

D.C. No. 3:09-cr-05668-RBL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 1, 2011[**]
Seattle, Washington

Before: NOONAN and M. SMITH, Circuit Judges, and FOGEL, District Judge.[***]

Bernard Glenn ("Glenn") appeals the district court's denial of his motion to

suppress a firearm found on his person. Following the denial of his suppression

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeremy D. Fogel, District Judge for the U.S. District
Court for Northern California, sitting by designation.

motion, Glenn was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo the denial of a motion to suppress, while reviewing for clear error the underlying factual findings. *United States v. Davis*, 530 F.3d 1069, 1077 (9th Cir. 2008).

Following an evidentiary hearing, the district court articulated several bases for finding that the government had met its burden of showing the gun should not be suppressed. Each of those grounds was independently sufficient for the police to search Glenn, and for the court to deny the suppression motion.

In his opening brief, Glenn failed to address several of those grounds, in particular the district court's finding that he was subject to a valid probationary search. "Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief." *United States v. Brooks*, 610 F.3d 1186, 1202 (9th Cir. 2010) (internal quotation marks and citation omitted).

Even assuming Glenn had properly raised the probation search issue, the district court was correct. Probation searches satisfy the demands of the Fourth Amendment when they are conducted pursuant to a state law that itself satisfies the Fourth Amendment. *Griffin v. Wisconsin,* 483 U.S. 868, 873 (1987). The

2

Washington statute in effect at the time–since revised in a manner not relevant here–required Glenn to submit to a search of his person when there was reasonable cause to believe he had violated a requirement of his probation. *See* Wash. Rev. Code § 9.94A.631 (2003). This court has confirmed that the Washington statute allowing probation searches based on reasonable cause satisfies the reasonableness standard of the Fourth Amendment. *United States v. Conway*, 122 F.3d 841, 842 (9th Cir. 1997).

The police officer who searched Glenn knew Glenn was under community custody, or probation. Moreover, the officer had reasonable cause to believe Glenn was in violation of several of the conditions of community custody, including (1) constructive possession of a controlled substance, (2) association with drug sellers, and (3) consumption of alcohol. The officer's search was reasonable under the Fourth Amendment. The district court did not err in denying Glenn's motion to suppress the firearm.

**AFFIRMED**.